WILSON TURNER KOSMO LLP
FREDERICK W. KOSMO, JR. (138036)
THERESA OSTERMAN STEVENSON (129272)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
**E-mail:** fkosmo@wilsonturnerkosmo.com
**E-mail:** tstevenson@wilsonturnerkosmo.com

NICHOLAS B. CLIFFORD, JR. (Mo. Bar No. 44477, pro hac app pending)
MICHAEL H. LONGMEYER (Mo. Bar No. 58218, pro hac app pending)
ARMSTRONG TEASDALE LLP
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
Telephone: (314) 621-5070
Facsimile: (314) 621-5065
**E-mail:** nclifford@armstrongteasdale.com
**E-mail**: mlongmeyer@armstrongteasdale.com

Attorneys for Defendant and Counter-Claimant
SPECTRUM BRANDS, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,

Plaintiff,

v.

SPECTRUM BRANDS, INC., a Delaware Corporation; and DOES 1 - 100,

Defendants.

---

SPECTRUM BRANDS, INC., a Delaware Corporation,

Counter-Claimant,

v.

ENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,

Counter-Defendant.

Case No. 09 CV 00058 BTM (CAB)

**SPECTRUM BRANDS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Complaint Filed: January 14, 2009

Dept.: 15 (5TH Floor)
Judge: Hon. Barry Ted Moskowitz
Trial Date: Not Set

Defendant Spectrum Brands, Inc. ("Spectrum"), by and through its attorneys, for its Answer to the Complaint for Patent Infringement by Plaintiff Jens Erik Sorensen ("Plaintiff") and Counterclaims, states as follows:

1. Spectrum is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies those allegations.

2. Admitted.

3. Spectrum is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies those allegations.

4. Spectrum is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore denies those allegations.

5. Spectrum admits that this lawsuit purports to be an action arising under the Patent Laws of the United States of America, Title 35, of the United States Code, and that subject matter jurisdiction for patent infringement actions exists under 28 U.S.C. §§ 1331 and 1338. Except as expressly admitted in this paragraph, Spectrum denies the remaining allegations of Paragraph 5 of the Complaint.

6. Spectrum admits that venue is proper in this district but expressly denies committing any acts of infringement in this District or otherwise. Except as expressly admitted in this paragraph, Spectrum denies the remaining allegations of Paragraph 6 of the Complaint.

7. Spectrum admits that this Court has personal jurisdiction over Spectrum but expressly denies committing any acts of infringement in this District or otherwise. Except as expressly admitted in this paragraph, Spectrum denies the remaining allegations of Paragraph 7 of the Complaint.

**CLAIM FOR RELIEF**

**(Patent Infringement)**

8. Spectrum incorporates by reference its responses to paragraphs 1 – 7, inclusive, as though fully set forth herein.

9. Upon information and belief, Spectrum admits that the ‘184 patent was issued and entitled as alleged in Paragraph 9 of the Complaint. Except as expressly admitted in this paragraph, Spectrum denies the remaining allegations of Paragraph 9 of the Complaint.

10. Denied.

11. Denied.

12. Spectrum admits it has not entered into a licensing agreement regarding the ‘184 patent but denies that such a license is necessary. Except as expressly admitted in this paragraph, Spectrum denies the remaining allegations of Paragraph 12 of the Complaint.

13. Paragraph 13 states a legal conclusion to which no response is required. To the extent that a response is necessary, Spectrum denies the allegations of Paragraph 13 of the Complaint.

14. Spectrum admits it received correspondence referring to the ‘184 patent in or about December 2006. Except as expressly admitted in this paragraph, Spectrum denies the remaining allegations of Paragraph 14 of the Complaint.

15. Spectrum admits selling various products within the United States, including this District, but without a definition of “dual-layer external plastic housings,” Spectrum is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint and therefore denies those allegations.

16. Denied.

17. Spectrum admits it has not entered into a licensing agreement regarding the ‘184 patent but denies that such a license is necessary. Except as expressly admitted in this paragraph, Spectrum denies the remaining allegations of Paragraph 17 of the Complaint.

18. Denied.

19. Denied.

20. Spectrum admits that Plaintiff requested information from Spectrum but denies that 35 U.S.C. § 295 was applicable or that Spectrum had any obligation to respond to Plaintiff as requested. Except as expressly admitted in this paragraph, Spectrum denies the remaining allegations of Paragraph 20 of the Complaint.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Spectrum asserts the following defenses and reserves the right to amend its Answer as additional information becomes available.

A. Spectrum denies any allegations in the Complaint not specifically admitted above.

B. Plaintiff has failed to state a claim upon which relief can be granted.

C. Plaintiff's Complaint is vague and ambiguous, as Plaintiff has failed to specify which particular claims of the '184 patent it believes are infringed.

D. One or more claims of the '184 patent are invalid for failure to comply with the conditions of patentability set forth in title 35 of the United States Code, including §§ 101, 102, 103 and/or 112.

E. Spectrum does not infringe any valid claim of the '184 patent, directly or indirectly, literally or by the Doctrine of Equivalents, and any alleged infringement is not intentional, knowing, willful, or deliberate.

F. Plaintiff is not entitled to claim infringement of one or more claims of the '184 patent by the doctrine of equivalents due to prosecution history estoppel.

G. Spectrum has not contributed to or induced the infringement of the '184 patent for at least the reason that no single entity has performed a complete act of infringement of any valid and enforceable claim of the '184 patent, either literally or under the doctrine of equivalents.

H. Spectrum has not contributed to the infringement of the '184 patent, for at least the reason that its products have substantial non-infringing uses.

I. Spectrum has not induced the infringement of the ‘184 patent, for at least the reason that Spectrum had no specific intent to encourage another's infringement.

J. Spectrum expressly reserves the right to assert additional defenses as they become known through further investigation and/or discovery.

## PRAYER FOR RELIEF

WHEREFORE, Spectrum denies that Plaintiff is entitled to any of the relief sought in its prayer for relief and respectfully requests that this Court dismiss Plaintiff’s Complaint with prejudice, enter judgment against Plaintiff and in favor of Spectrum, declare that this is an exceptional case, award Spectrum its attorneys fees, costs and expenses pursuant to 35 U.S.C. § 285 and provide such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counter-Claimant Spectrum Brands, Inc. hereby asserts its Counterclaim against Counter-Defendant Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust (“Sorensen”) and alleges as follows:

## NATURE OF CLAIM

1. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq. and seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-02.

## PARTIES

2. Spectrum Brands, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 6 Concourse Pkwy, Suite 3300, Atlanta, Georgia 30328.

3. Upon information and belief, Sorensen is an individual residing in California.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as the counterclaim involves questions of federal law under the Patent Laws of the United States and the Declaratory Judgment Act.

5. This Court has personal jurisdiction over Sorensen because Sorensen filed in this Court the action in which this counterclaim is brought. Furthermore, upon information and belief, Sorensen resides in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

**COUNT I**

**(Declaratory Judgment of Non-Infringement of United States Patent No. 4,935,184)**

7. There is an actual and justiciable controversy between the parties with respect to whether Counterclaim-Plaintiff infringes U.S. Patent No. 4,935,184 ("the '184 patent").

8. Counterclaim-Plaintiff does not infringe any valid claims of the '184 patent.

9. Counterclaim-Plaintiff is entitled to a declaratory judgment that it does not infringe any valid claims of the '184 patent.

**COUNT II**

**(Declaratory Judgment of Invalidity of United States Patent No. 4,935,184)**

10. There is an actual and justiciable controversy between the parties with respect to the validity of the claims of the '184 patent.

11. The claims of the '184 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

12. Counterclaim-Plaintiff is entitled to a declaratory judgment that the claims of the '184 patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, with respect to its Counterclaim, Spectrum Brands, Inc. respectfully requests that this Court enter a declaratory judgment that the '184 patent is invalid and that Spectrum Brands, Inc. does not infringe any valid claims of the '184 patent, declare that this is an exceptional case, award Spectrum Brands, Inc. its attorneys fees, costs and expenses pursuant to 35 U.S.C. § 285, and provide such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Spectrum Brands, Inc. demands trial by jury on all issues in the Complaint and the Counterclaim so triable.

Dated: November 2, 2009

**WILSON TURNER KOSMO LLP**

By: /s/ FREDERICK W. KOSMO, JR.
FREDERICK W. KOSMO, JR.
THERESA OSTERMAN STEVENSON
E-mail: fkosmo@wilsonturnerkosmo.com
E-mail: tstevenson@wilsonturnerkosmo.com

ARMSTRONG TEASDALE LLP
NICHOLAS B. CLIFFORD, JR. (pro hac pending)
MICHAEL H. LONGMEYER (pro hac pending)
nclifford@armstrongteasdale.com
mlongmeyer@armstrongteasdale.com

Attorneys for Defendant and Counter-Claimant
SPECTRUM BRANDS, INC.