# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN,<br><br>               Plaintiff,<br>vs.<br><br>SPECTRUM BRANDS, INC.,<br><br>               Defendant. | CASE NO. 09cv58 BTM (CAB)<br><br>**ORDER GRANTING MOTION TO STAY AND GRANTING MOTION TO DISMISS** |

There are two motions before the Court. The first motion is Plaintiff's unopposed Motion to Dismiss Claim for Declaratory Judgment of Invalidity and Strike Affirmative Defense "D" [Doc. 19.] The second motion is Defendant Motion to Stay [Doc. 18.] For the following reasons, both motions are **GRANTED.**

### DISCUSSION

1. <u>Motion to Dismiss Claim for Declaratory Judgment of Invalidity and Strike Affirmative Defense "D"</u>

Plaintiff argues that Defendant's counterclaim for a declaratory judgment makes only conclusory statements and fails to state a claim upon which relief can be granted. In deciding a motion to dismiss, the Court must accept as true all allegations contained in the counterclaim—but this requirement is inapplicable to legal conclusions. <u>Ashcroft v. Iqbal</u>, – U.S. –, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Id. Plaintiff's motion is unopposed.

Here, Count II of Defendant's counterclaim is nearly devoid of factual assertions. Defendant only alleges that "[t]he claim of the '184 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112." This threadbare statement is precisely the type of allegation that is insufficient to state a claim under the Iqbal standard. Accordingly, Count II of Defendant's counterclaim is **DISMISSED** without prejudice.

Plaintiff also argues that Affirmative Defense D should be struck for similar reasons. Under Rule 8 of the Federal Rules of Civil Procedure, an affirmative defense must be pled with the minimal specificity to give the plaintiff "fair notice" of the defense. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). Here, Defendant's Affirmative Defense D merely states, "One or more claims of the '184 patent are invalid for failure to comply with the conditions of patentability set forth in title 35 of the United States Code, including §§ 101, 102, 103 and/or 112." Sections 101, 102, 103, and 112 provide several grounds for finding a patent invalid, and Defendant has failed to give Plaintiff fair notice of the basis of its affirmative defense. Advanced Cardiovascular Syss., Inc. v. Medtronic, Inc., No. C-96-0942, 1996 WL 467273, at *3 (July 24, 1996). Accordingly, Plaintiff's motion to strike is **GRANTED**, and the Court strikes Affirmative Defense D from Defendant's answer without prejudice.

2.  Motion to Stay

Defendant has moved to stay this case pending the outcome of PTO reexamination proceedings regarding the patent at issue in this case. The Court concludes that a reasonable stay is appropriate in this case because the litigation is in its early stages, Plaintiff has not established undue prejudice, and the reexamination will simplify issues for the Court and save expense for the parties. See, e.g., Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999). The PTO's recent communication rejecting all of the reexamined claims in the '184 Patent provides further support for granting the stay. Accordingly, the Court **GRANTS** the motion to stay without prejudice. If it appears, however, that the

reexamination will not be completed within a reasonable time, Plaintiff may move to vacate the stay.

Additionally, any party may apply to the Court for an exception to the stay if it has specific, valid reasons to believe that it needs to obtain discovery in order to preserve evidence that will otherwise be unavailable after the stay.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** both the Motion to Dismiss Counterclaim and Strike Affirmative Defense [Doc. 19] and the Motion to Stay [Doc. 18.] Defendant may file an amended answer within 45 days of the lifting of the stay.

**IT IS SO ORDERED.**

DATED:  December 23, 2009

Honorable Barry Ted Moskowitz
United States District Judge